# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**OCTOBER 2025**

E-Filing Number: 2510001190

**00071**

| | |
|---|---|
| **PLAINTIFF'S NAME** <br> ANIKA DASHIELDS, ALIAS: ADMINISTRATOR OF THE ESTATE OF TAYLOR GRANSTON | **DEFENDANT'S NAME** <br> AMERICAN NATIONAL RED CROSS |
| **PLAINTIFF'S ADDRESS** <br> 1414 W. SOMERVILLE AVENUE <br> PHILADLEPHIA PA 19141 | **DEFENDANT'S ADDRESS** <br> 431 18TH STREET NW <br> WASHINGTON DC 65009 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** <br> MARK RENNA |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** <br> 56 WOODLAND AVENUE <br> VERONA NJ 07044 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal <br> [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less <br> [X] More than $50,000.00 | [ ] Arbitration <br> [ ] Jury <br> [X] Non-Jury <br> [ ] Other: | [ ] Mass Tort <br> [ ] Savings Action <br> [ ] Petition | [ ] Commerce <br> [ ] Minor Court Appeal <br> [ ] Statutory Appeals | [ ] Settlement <br> [ ] Minors <br> [ ] W/D/Survival |

**CASE TYPE AND CODE**
2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED PRO PROTHY <br> OCT 01 2025 <br> B. BALILONIS | IS CASE SUBJECT TO COORDINATION ORDER? <br> YES  NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ANIKA DASHIELDS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY <br> DANA M. KLAYMAN | ADDRESS <br> SCHATZ, STEINBERG & KLAYMAN <br> 1500 JOHN F. KENNEDY BOULEVARD <br> SUITE 1300 <br> PHILADELPHIA PA 19102 |
|---|---|
| PHONE NUMBER  (215)845-0250 | FAX NUMBER  (215)845-0255 |
| SUPREME COURT IDENTIFICATION NO. <br> 206761 | E-MAIL ADDRESS <br> dklayman@s2firm.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY <br> DANA KLAYMAN | DATE SUBMITTED <br> Wednesday, October 01, 2025, 12:17 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**SCHATZ, STEINBERG & KLAYMAN**
By: Dana M. Klayman, Esquire
Attorney I.D. No. 206761
1500 John F. Kennedy Boulevard
Two Penn Center, Suite 1300
Philadelphia, PA 19102
(215)845-0250
dklayman@s2firm.com

Attorney for Plaintiff



| | |
|---|---|
| ANIKA DASHIELDS, *Administrator of the Estate of* TAYLOR GRANSTON, *Deceased* <br> 1414 W. Somerville Avenue <br> Philadelphia, PA 19141 <br>                    **Plaintiff** <br><br> v. <br><br> **AMERICAN NATIONAL RED CROSS** <br> 431 18th Street NW <br> Washington, DC 65009 <br><br> And <br><br> **MARK RENNA** <br> 56 Woodland Avenue <br> Verona, NJ 07044 <br>                 **Defendants** | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY** <br><br> **SEPTEMBER TERM, 2025** <br><br> **NO.** |

## CIVIL ACTION COMPLAINT

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint & Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.
YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL SERVICE
1101 Market Street
Philadelphia, PA 19107
(215)238-6333

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias deplazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de s persona. Sea avisado que si used no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder u otros derechos importantes para usted.

LLEVE ESTSASS DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PAPA AVAERIGUAR DONDE SE PAEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELPHIA
Servico De Referencia E Informacion Legal
1101 Market Street
Philadelphia, PA 19107
(215)238-6333

Case ID: 251000071

SCHATZ, STEINBERG & KLAYMAN  
By: Dana M. Klayman, Esquire   **Attorney for Plaintiff**  
Attorney I.D. No. 206761  
1500 John F. Kennedy Boulevard  
Two Penn Center, Suite 1300  
Philadelphia, PA 19102  
(215)845-0250  
dklayman@s2firm.com  

| | |
|---|---|
| **ANIKA DASHIELDS,** *Administrator of the Estate of* **TAYLOR GRANSTON,** *Deceased* <br> 1414 W. Somerville Avenue <br> Philadelphia, PA 19141 <br> **Plaintiff** <br><br> v. <br><br> **AMERICAN NATIONAL RED CROSS** <br> 431 18th Street NW <br> Washington, DC 65009 <br><br> And <br><br> **MARK RENNA** <br> 56 Woodland Avenue <br> Verona, NJ 07044 <br> **Defendants** | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY** <br><br> **SEPTEMBER TERM, 2025** <br><br> NO. |

## CIVIL ACTION COMPLAINT

1. Plaintiff, Anika Dashields, is the Administrator of the Estate of Taylor Granston, Deceased and resides at the above-captioned address.

2. Decedent, Taylor Granston, was born on December 30, 2001, and died on December 24, 2024, at the age of 22 years old.

3. At all times material hereto, "Decedent" refers to Taylor Granston.

Case ID: 251000071

4. Defendant, American National Red Cross, is a 501(c)(3) non-profit organization existing, operating and doing business under the laws of Washington D.C., which maintains its principal place of business at the above-captioned address.

5. It is believed, and therefore averred, that at all times material hereto, Bronson Cox was operating the vehicle owned by Defendant, American National Red Cross, while in the course and scope of his employment or agency with Defendant, American National Red Cross, or in furtherance of the business of Defendant, American National Red Cross.

6. Defendant, Mark Renna, is an adult individual residing at the above-captioned address.

7. On or about December 12, 2024, Decedent was a passenger of the motor vehicle operated by Tysean Gilbert, which was stopped for traffic in the left southbound lane of I-95 South in the City and County of Philadelphia, Commonwealth of Pennsylvania.

8. On the aforesaid date and place, the motor vehicle owned and operated by Phoebe Chacaliaza came to a stop partially in the left shoulder of southbound I-95 behind the Gilbert/Granston vehicle.

9. On the aforesaid date and place, after the Chacaliaza vehicle came to a stop, it was struck in the rear by the motor vehicle owned and operated by Defendant, Mark Renna, thereby propelling the Chacaliaza vehicle forward and causing it to strike the rear of the Gilbert/Granston vehicle.

10. As a result of the aforesaid impact, the Gilbert/Granston vehicle was pushed into the middle southbound lane of I-95 where it was struck by the vehicle owned and operated by Defendant, American National Red Cross.

11. At all relevant times hereto, Defendants acted by and through their agents, work persons, employees and/or servants then and there acting within the course and scope of their authority, duties and/or employment for Defendants.

12. Due to the aforesaid collisions, Decedent required extrication, intubation and needle thoracostomy at the scene of the collision resulting in serious injuries and Decedent's ultimate death.

13. This collision was caused solely from the negligence and carelessness of Defendants herein and was in no manner whatsoever due to any act of negligence on the part of Decedent.

## COUNT I – NEGLIGENCE
## ANIKA DASHIELDS, ADMINISTRATOR OF THE ESTATE OF TAYLOR GRANSTON, DECEASED v. AMERICAN NATIONAL RED CROSS

14. Plaintiff, Anika Dashields, Administrator of the Estate of Taylor Granston, Deceased, hereby incorporates Paragraphs 1-13 as if same were set forth at length herein.

15. The negligence and carelessness of Defendant, American National Red Cross, consisted of any and all of the following:

> (a) failure to drive at a safe and reasonable speed;
> (b) failure to avoid a collision when Defendant knew or should have known that said collision was foreseeable;
> (c) failure to reduce speed or take evasive action in the face of a collision or obvious traffic hazards on the roadway;
> (d) failure to safely and properly avoid a foreseeable collision;
> (e) failure to keep a proper lookout;
> (f) failure to properly calculate distance of the vehicle with respect to other vehicles on the road;
> (g) failure to be aware of other vehicles on the roadway;
> (h) failure to properly operate said vehicle;
> (i) negligently entrusting a motor vehicle to an individual unfit or unable to operate same;
> (j) failure to use all prudent and necessary care for vehicular travel under the circumstances;

(k) violating applicable sections of Title 75 (and /or ordinances and codes for the Commonwealth of Pennsylvania and such other statutes and case law governing the operation of motor vehicles on the streets and highways; and

(l) such other acts of negligence and/or carelessness as may be adduced through discovery or at trial.

16. Due to all foregoing, Decedent suffered severe, permanent, and disabling personal injuries to the organs, bones, muscles, nerves, tendons, tissues, discs, and blood vessels of her body which caused her great physical pain and mental anguish, with respect to the following, including but not limited to: bilateral pneumothoraces with upper lung contusion, liver and buttocks lacerations, right femoral hematoma, multiple calvarial facial fractures, left temporal bone fracture, nondisplaced fractures of the tuberculum sella, left zygomaticomaxillary complex fracture, acute fractures of the anterior and posterior wall of the left maxillary sinus, cardiac arrest, bleeding of the 6th right intercostal artery, diffuse cerebral edema, right subdural hematoma, multicompartmental intracranial hemorrhage necessitating decompressive hemicraniectomy with hyperosmolar therapy and invasive mechanical ventilation for twelve (12) days and death.

17. As a further result of the said collision, Decedent had suffered severe, conscious pain from life-threatening injuries that ultimately caused her death.

18. As a further result of the said collision, Decedent has received and undergone medical treatment, which was reasonable and necessary for injuries arising from the aforesaid collision.

19. As a further result of the said collision, Decedent's estate has incurred medical expenses that were reasonable, necessary and causally related to the aforesaid collision as a result of the injuries Decedent sustained.

**WHEREFORE**, Plaintiff, Anika Dashields, Administrator of the Estate of Taylor Granston, Deceased, demands judgment in her favor and against Defendant, American National Red Cross, for compensatory damages in excess of fifty-thousand dollars ($50,000.00) together with interest and costs of suit.

### COUNT II – NEGLIGENCE
### ANIKA DASHIELDS, ADMINISTRATOR OF THE ESTATE OF TAYLOR GRANSTON, DECEASED v. MARK RENNA

20. Plaintiff, Anika Dashields, Administrator of the Estate of Taylor Granston, Deceased, hereby incorporates Paragraphs 1-19 as if same were set forth at length herein.

21. The negligence and carelessness of Defendant, Mark Renna, consisted of any and all of the following:

> (a) failure to maintain an assured clear distance from other vehicles on the roadway;
> (b) failure to drive at a reasonable speed;
> (c) failure to apply brakes sufficiently in time to avoid a collision;
> (d) failure to properly calculate the distance of his vehicle with respect to other vehicles on the road;
> (e) failure to keep a proper lookout;
> (f) failure to remain in control of his vehicle;
> (g) failure to be aware of other vehicles on the roadway;
> (h) failure to remain in a single lane;
> (i) failure to remain on the roadway;
> (j) failure to properly operate said vehicle;
> (k) failure to use all prudent and necessary care for vehicular travel under the circumstances;
> (l) violating applicable sections of Title 75 (and /or ordinances and codes for the Commonwealth of Pennsylvania and such other statutes and case law governing the operation of motor vehicles on the streets and highways; and
> (m) such other acts of negligence and/or carelessness as may be adduced through discovery or at trial.

22. Due to all foregoing, Decedent suffered severe, permanent, and disabling personal injuries to the organs, bones, muscles, nerves, tendons, tissues, discs, and blood vessels of her

Case ID: 251000071

body which caused her great physical pain and mental anguish, with respect to the following, including but not limited to: bilateral pneumothoraces with upper lung contusion, liver and buttocks lacerations, right femoral hematoma, multiple calvarial facial fractures, left temporal bone fracture, nondisplaced fractures of the tuberculum stella, left zygomaticomaxillary complex fracture, acute fractures of the anterior and posterior wall of the left maxillary sinus, cardiac arrest, bleeding of the 6th right intercostal artery, diffuse cerebral edema, right subdural hematoma, multicompartmental intracranial hemorrhage necessitating decompressive hemicraniectomy with hyperosmolar therapy and invasive mechanical ventilation for twelve (12) days and death.

23. As a further result of the said collision, Decedent had suffered severe, conscious pain from life-threatening injuries that ultimately caused her death.

24. As a further result of the said collision, Decedent has received and undergone medical treatment, which was reasonable and necessary for injuries arising from the aforesaid collision.

25. As a further result of the said collision, Decedent's estate has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid collision as a result of the injuries Decedent sustained.

**WHEREFORE**, Plaintiff, Anika Dashields, Administrator of the Estate of Taylor Granston, Deceased, demands judgment in her favor and against Defendant, Mark Renna, for compensatory damages in excess of fifty-thousand dollars ($50,000.00) together with interest and costs of suit.

## COUNT III – WRONGFUL DEATH
## ANIKA DASHIELDS, ADMINISTRATOR OF THE ESTATE OF TAYLOR GRANSTON, DECEASED v. AMERICAN NATIONAL RED CROSS AND MARK RENNA

26.  Plaintiff, Anika Dashields, Administrator of the Estate of Taylor Granston, Deceased, hereby incorporates Paragraphs 1-25 as if same were set forth at length herein.

27.  Plaintiff, Anika Dashields, Administrator of the Estate of Taylor Granston, Deceased, brings this action on behalf of all beneficiaries under and by virtue of the Wrongful Death Act, 42 Pa. C.S.A § 8301 and the applicable Rules of Civil Procedure and decisional law.

28.  Under the Wrongful Death Act, Decedent left her natural mother, Anika Dashields, and natural father, Warren Granston, surviving her who are entitled to recover damages and on their behalf this action is brought.

29.  As a result of the negligence of Defendants, Decedent was caused grave injuries and death resulting in the entitlement to damages by said beneficiaries under the Wrongful Death Act.

30.  Plaintiff claims all administrator's expenses recoverable under the Wrongful Death Act, including, but not limited to, damages for hospital, medical, funeral and burial expenses, and expenses of administration necessitated by reason of injuries causing Decedent's death.

31.  On behalf of the Wrongful Death Act beneficiaries, Plaintiff claims damages for monetary support that Decedent would have provided to the beneficiaries during her lifetime.

32.  On behalf of the Wrongful Death Act beneficiaries, Plaintiff claims damages for services provided or which could have been expected to be performed in the future by Decedent.

33.  On behalf of the Wrongful Death Act beneficiaries, Plaintiff claims damages for the loss of companionship, comfort, society, guidance, solace, and protection of Decedent.

Case ID: 251000071

34. On behalf of the Wrongful Death Act beneficiaries, Plaintiff claims damages for all pecuniary loss suffered by the beneficiaries.

35. On behalf of the Wrongful Death Act beneficiaries, Plaintiff claims damages for the full measure of damages allowed under the Wrongful Death Act and decisional law interpreting said Act.

**WHEREFORE**, Plaintiff, Anika Dashields, Administrator of the Estate of Taylor Granston, Deceased, demands judgment in her favor and against Defendants, American National Red Cross and Mark Renna, for compensatory damages in excess of fifty-thousand dollars ($50,000.00) together with interest and costs of suit.

### COUNT IV – SURVIVAL ACTION
### ANIKA DASHIELDS, ADMINISTRATOR OF THE ESTATE OF TAYLOR GRANSTON, DECEASED v. AMERICAN NATIONAL RED CROSS AND MARK RENNA

36. Plaintiff, Anika Dashields, Administrator of the Estate of Taylor Granston, Deceased, hereby incorporates Paragraphs 1-35 as if same were set forth at length herein.

37. Plaintiff, Anika Dashields, Administrator of the Estate of Taylor Granston, Deceased, brings this action on behalf of the Estate of Taylor Granston, Deceased, under and by virtue of the Survival Act, 42 Pa. C.S.A § 8302 and the applicable Rules of Civil Procedure and decisional law.

38. As a result of the negligence of Defendants, Decedent was caused grave injuries and death resulting in the entitlement to damages by the estate under the Survival Act.

39. On behalf of the Survival Act beneficiaries, Plaintiff claims damages for the pain, suffering, and apprehension/fear of imminent bodily injury and death endured by Decedent prior to death, including, but not limited to, physical pain and suffering, mental pain and suffering and

the fright and mental suffering attributed to the peril leading to Decedent's grave injuries and death.

40. On behalf of the Survival Act beneficiaries, Plaintiff claims the amount of lost income of Decedent between the time of injury and death.

41. On behalf of the Survival Act beneficiaries, Plaintiff claims loss of income and economic loss to Decedent's estate, including, but not limited to, Decedent's total estimated future income through the remainder of her employable lifetime.

42. On behalf of the Survival Act beneficiaries, Plaintiff claims all income, retirement and Social Security income as a result of Decedent's death.

43. Plaintiff claims the full measure of damages under the Survival Act and decisional law interpreting said Act.

**WHEREFORE,** Plaintiff, Anika Dashields, Administrator of the Estate of Taylor Granston, Deceased, demands judgment in her favor and against Defendants, American National and Red Cross Mark Renna, for compensatory damages in excess of fifty-thousand dollars ($50,000.00) together with interest and costs of suit.

                                            **SCHATZ, STEINBERG & KLAYMAN**

                                            DANA M. KLAYMAN, ESQUIRE
                                            Attorney for Plaintiff

Dated: September 29, 2025

Case ID: 251000071

## VERIFICATION

I, __Anika Dashields_____, am the Plaintiff in the herein matter and certify that the statements set forth in the attached Civil Action Complaint are true and correct to the best of my information, knowledge, and belief. I further understand that all statements set forth herein are subject to the prohibitions set forth in 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.

*Anika DaShields (Sep 30, 2025 13:41:17 EDT)*

Dated: September 30, 2025

# VERIFICATION
Final Audit Report                                                                 2025-09-30

| Created: | 2025-09-30 |
|---|---|
| By: | Marissa Terwilliger (mterwilliger@s2firm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAHzd8pl7n_q-n3R_fweQ1NHzmcASTb_YV |

## "VERIFICATION" History

- Document created by Marissa Terwilliger (mterwilliger@s2firm.com)
  2025-09-30 - 5:22:22 PM GMT

- Document emailed to Anika DaShields (anika.dashields1975@gmail.com) for signature
  2025-09-30 - 5:22:25 PM GMT

- Email viewed by Anika DaShields (anika.dashields1975@gmail.com)
  2025-09-30 - 5:40:39 PM GMT

- Document e-signed by Anika DaShields (anika.dashields1975@gmail.com)
  Signature Date: 2025-09-30 - 5:41:12 PM GMT - Time Source: server

- Agreement completed.
  2025-09-30 - 5:41:12 PM GMT

**Adobe Acrobat Sign**

Case ID: 251000071