**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANIKA DASHIELDS,** *Administrator of the Estate of Taylor Granston, Deceased,* | **CIVIL ACTION** |
| *Plaintiff,* | **NO. 25-6169-KSM** |
| *v.* | |
| **AMERICAN NATIONAL RED CROSS and MARK RENNA**, | |
| *Defendants.* | |
| **AMERICAN NATIONAL RED CROSS** | |
| *Third Party Plaintiff* | |
| *v.* | |
| **PHOEBE CHACALIAZA, TYSEAN GILBERT, SA WIN, SEBASTIAN BUITRAGO-QUIJANO, and ANIKA DASHIELDS,** | |
| *Third Party Defendants* | |

**MEMORANDUM**

**Marston, J.**                                                                                   **May 15, 2026**

This case stems from a horrific car accident involving six cars and twelve individuals on the night of December 12, 2024, along the I-95 Delaware Expressway in Philadelphia. (Doc. No. 1.) As a result of this accident, Taylor Granston suffered severe life-threatening injuries, and she tragically died twelve days later. (Doc. No. 1-4 at 7.) Anika Dashields, Administrator of Ms. Granston's Estate, brings claims for negligence (Counts I and II) and wrongful death (Count III), as well as claims pursuant to the Survival Act (Count IV) against the American National Red Cross ("Red Cross") and Mark Renna. (*Id.* at 6–12.) Defendant Red Cross filed an Answer and asserted third party claims for negligence against Third-Party Defendants Phoebe Chacaliaza, Tysean Gilbert, Sa Win, Anika Dashields, and Sebastian Buitrago-Quijano (Counts I–IV) and for

1

negligent entrustment against only Anika Dashields (Count V).  (*See* Doc. No. 16.)  Third-Party Defendants Sa Win and Sebastian Buitrago-Quijano move to dismiss the Red Cross's Third-Party Complaint for failure to state a claim upon which relief can be granted, a motion which the Red Cross opposes.  (Doc. Nos. 25, 26, 27, 29.)  For the reasons below, both motions to dismiss will be granted.

## I.    FACTUAL BACKGROUND[1]

According to Plaintiff Anika Dashields' Complaint ("the Complaint"), on or about December 12, 2024, a motor vehicle accident occurred on the I-95 Expressway in Philadelphia, Pennsylvania involving multiple collisions.  (Doc. No. 1.)  According to the Pennsylvania State Police Crash Report, the accident involved a total of six motor vehicles.  (Doc. No. 16 at 4.)

The Crash Report explains that at approximately 10:30 p.m. on the night of the accident, "a traffic Unit became mechanically disabled and came to an abrupt stop blocking the left lane of travel" along the Expressway, causing vehicles behind it to quickly come to a stop.  (Doc. No. 16-2 at 22.)  In response to the sudden onset of traffic, the first vehicle relevant here, driven by Defendant Renna ("the Renna Vehicle") "swerved to the left to avoid a rear-ended collision with" an uninvolved vehicle.  (*Id*.)  However, the Renna Vehicle was unable to avoid a rear-end collision with a second vehicle, owned and operated by Third-Party Defendant Phoebe Chacaliaza ("the Chacaliaza Vehicle").  (*Id*.)  As a result, "the collision propelled [the Chacaliaza Vehicle] into the rear-end" of a third vehicle ("the Granston Vehicle"), owned by Plaintiff and Third-Party Defendant Anika Dashields and operated by Third-Party Defendant Tysean Gilbert.  (*Id*.)  The Granston Vehicle contained four passengers at the time of the

---

[1] The Court relies on the allegations set forth in both the initial Complaint and the Red Cross's Third-Party Complaint.  (Doc. Nos. 1, 16.)

collision: driver Tysean Gilbert, decedent Taylor Granston, and two uninjured minor children in the backseat.  (*Id*.)

The Chacaliaza Vehicle "propelled [the Granston Vehicle] forward into the center-left and center lanes" of traffic into the path of a fourth vehicle, owned by the Red Cross ("the Red Cross Vehicle").  (*Id*.)  The Red Cross Vehicle "hit the front passenger side of [the Granston Vehicle], causing [it] to spin 180 degrees" and eventually hit into an additional car, owned and operated by Third-Party Defendant Sebastian Buitrago-Quijano ("the Buitrago-Quijano Vehicle").  (*Id*.)  Simultaneously, but separately, a sixth vehicle, owned and operated by Sa Win ("the Win Vehicle") "applied his brakes but was unable to stop in time," colliding with the rear-end of the Renna Vehicle after it had already struck the Chacaliaza Vehicle.  (*Id*.)  According to the Crash Report, Defendants Renna and Win were "driving too fast for conditions" in a fifty-five mile per hour zone with ambient lighting.  (Doc. No. 16-2 at 2, 6 (capitalization omitted).)

The Crash Report states that the Renna Vehicle's collision with the Chacaliaza Vehicle was the "first harmful event in the crash."  (*Id*. at 1.)  But the Crash Report identified the Red Cross Vehicle's collision with the front passenger side of the Granston vehicle as the "most harmful event in the crash."  (*Id*. at 1.)  As a result of being struck by the Red Cross Vehicle, the Decedent "suffered severe, permanent, and disabling personal injuries … of her body," resulting in twelve days of invasive mechanical ventilation, and then, ultimately, her death on December 24, 2024.  (Doc. No. 1 at 15.)

## II.   PROCEDURAL HISTORY

On October 1, 2025, Plaintiff Dashields initiated this action against Defendants Red Cross and Mark Renna in the Philadelphia County Court of Common Pleas.  (Doc. No. 1.)  On

October 29, 2025, Red Cross removed the action to this Court, pursuant to 28 U.S.C. §1441 and 28 U.S.C. § 1331.  (*See* Doc. No. 1 at 3.)

On November 19, 2025, Mark Renna answered the Complaint.  (Doc. No. 6.)  On November 24, 2024, the Red Cross filed an Answer and asserted crossclaims for negligence against Mark Renna, asserting that he is alone liable or jointly and severally liable for injuries or losses which Plaintiff may have sustained.  (Doc. No. 8 at 17.)

Then, on January 2, 2026, Red Cross filed an unopposed Motion for Leave to Join Third-Party Defendants Phoebe Chacaliaza, Tysean Gilbert, Sa Win, Sebastian Buitrago-Quaijano, and Anika Dashields, which the Court granted on January 6, 2026.  (Doc. Nos. 14, 15.)  The Red Cross's Third-Party Complaint incorporates by reference the allegations in the Complaint against all Third-Party Defendants, and brings claims for negligence against Third-Party Defendants, Phoebe Chacaliaza, Tysean Gilbert, Sa Win, Anika Dashields, and Sebastian Buitrago-Quijano and (Counts I–IV) and for negligent entrustment against Anika Dashields (Count V).  (*See* Doc. No. 16.)

On March 12, 2026, Anika Dashields and Tysean Gilbert filed an Answer with Affirmative Defenses to Red Cross's Third-Party Complaint, and Red Cross filed an Answer to these affirmative defenses.  (Doc. Nos. 32, 33.)

On February 10, 2026, Third-Party Defendant Sa Win filed a motion to dismiss the Red Cross's Third-Party Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  (Doc. No. 25.)  On February 20, 2026, Third-Party Defendant Sebastian Buitrago-Quaijano filed a motion to dismiss which asserts that "the grounds set forth by Sa Win in his Motion to Dismiss apply with equal measure to Sebastian, [so] he seeks to join the Motion to Dismiss Third-Party Plaintiff, American National Red Cross's Third-Party Complaint."  (Doc. No. 26 at 3.)  The Red

4

Cross opposes both motions.  (Doc. Nos. 27, 29.)  As this matter is fully briefed, it is ripe for resolution.

### III.    LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings."  *In re Burlington Coat Factory*, 114 F.3d 1410, 1426. (3d Cir. 1997).  "However an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."  *Id.* (quotation marks and alterations omitted).  Similarly, the Court "may consider an undisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  So, here, the Court may rely on the Crash Report attached to the Red Cross's Third-Party Complaint.  (*See* Doc. No. 16-2.)

### IV.    DISUSSION

The Court addresses Sa Win and Sebastian Buitrago-Quijano motions to dismiss in turn below.

### A.    Sa Win's Motion to Dismiss

The Red Cross asserts a claim for negligence[2] (Count III) against Sa Win.  (Doc. No. 16.)

Sa Win moves to dismiss on the grounds that "there are simply no facts pled which accepted as

true, would warrant a finding of negligence against Sa Win."  (Doc. No. 25.)  In response, the

Red Cross asserts that their Third-Party Complaint *does* provide sufficient allegations that Sa

Win owed a duty of care in the operation of his car which he may have breached when he "failed

to drive at a safe and reasonable speed" which in turn "allows the Court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  (Doc. No. 27 at 4, 17.)  In the

---

[2] The Third-Party Complaint states: "[i]n the Complaint filed by Plaintiff, it was alleged that the negligence and carelessness of Defendant, [Red Cross], consisted of any and all of the following and without admitting same and in fact denying same, are incorporated by reference against Third Party Defendant, Sa Win:

>  (a) failure to drive at a safe and reasonable speed;
>
>  (b)  failure to avoid a collision when Defendant knew or should have known that said collision was foreseeable;
>
>  (c) failure to reduce speed or take evasive action in the face of a collision or obvious traffic hazards on the roadway;
>
>  (d) failure to safely and properly avoid a foreseeable collision;
>
>  (e) failure to keep a proper lookout;
>
>  (f) failure to properly calculate distance of the vehicle with respect to other vehicles on the road;
>
>  (g) failure to be aware of other vehicles on the roadway;
>
>  (h) failure to properly operate said vehicle;
>
>  (i) negligently entrusting a motor vehicle to an individual unfit or unable to operate same;
>
>  (j) failure to use all prudent and necessary care for vehicular travel under the circumstances;
>
>  (k) violating applicable sections of Title 75 (and /or ordinances and codes for the Commonwealth of Pennsylvania and such other statutes and case law governing the operation of motor vehicles on the streets and highways; and
>
>  (l) such other acts of negligence and/or carelessness as may be adduced through discovery or at trial.

(Doc. No. 16 at 9–10.)

alternative, the Red Cross asserts that they should be granted leave to amend their Third-Party Complaint.  (Doc. No. 27-3 at 10.)

"To establish negligence under Pennsylvania law, a plaintiff must show that '(1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such breach caused the injury in question; and (4) the plaintiff incurred actual loss or damage.'"  *Turturro v. United States*, 629 F. App'x 313, 320 (3d Cir. 2015) (quoting *Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011)).  The duty of care owed by automobile drivers in a negligence action is "*at least* that established by the Pennsylvania Vehicle Code."  *Klein v. Hollings*, 992 F.2d 1285, 1291 n.2 (3d Cir. 1993) (emphasis added).  The Pennsylvania Vehicle Code imposes a duty on automobile drivers to drive at a safe speed under 75 Pa. C.S.A. § 3361.  The statute reads:

> No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed . . . when special hazards exist with the respect of pedestrians or other traffic or by reason of weather or highway conditions.

75 Pa. C.S.A. § 3361.

After reviewing the Third-Party Complaint and Crash Report, the Court can draw a reasonable inference that although Sa Win may have breached his duty to drive at a safe speed by speeding at the time of the incident, there are no facts alleged in the Red Cross's Third-Party Complaint that plausibly allege Sa Win's breach in any way "caused" or even contributed to the decedent's injuries.  *See Turturro*, 629 F. App'x at 320 (explaining that the defendant's breach must have "caused the injury in question"); (*see also* Doc. No. 16 at 34 (citing Sa Win for

7

"driving too fast for conditions" in violation of 75 Pa. C.S.A. § 3361)) (capitalization omitted). As the Crash Report details, Sa Win "applied his brakes but was unable to stop in time," colliding with the rear-end of the Renna Vehicle. (*Id*.) But Sa Win did not collide with the Granston Vehicle and was not struck by the Granston Vehicle. And Sa Win's collision with the Renna Vehicle did not result in any vehicle colliding with the Granston Vehicle, nor does the Third-Party Complaint contain any factual allegations that Sa Win's actions in any way contributed to the actions of the Red Cross Vehicle. As such, the factual allegations contained in the Third-Party Complaint are not sufficient to survive a motion to dismiss since it is not "plausible" that Sa Win's speeding in any way caused the decedent's injuries. *Iqbal*, 556 U.S. at 678 (2009). As such, the Court will dismiss the Third-Party Complaint against Sa Win.

**B.   Sebastian Buitrago-Quijano's Motion to Dismiss**

The Red Cross also asserts a claim for negligence (Count IV) against Sebastian Buitrago-Quijano. (Doc. No. 16.) Sebastian Buitrago-Quijano moves to join the Sa Win Motion to dismiss "in an effort to avoid duplicative motions." (Doc. No. 26 at 4.) Sebastian Buitrago-Quijano asserts that "neither the Third-Party Complaint nor Plaintiff's Complaint plead any facts, let alone sufficient facts, to indicate how [Buitrago-Quijano] was involved in this accident or in any way negligent" and argues that the allegations against him are "baseless." (*Id*.) In response, the Red Cross asserts that its Third-Party Complaint provides sufficient allegations for the Court to draw a reasonable inference that Sebastian Buitrago-Quijano was negligent, including for "fail[ing] to properly calculate distance of the vehicle with respect to [others]; fail[ing] to be aware of other vehicles on the roadway; and fail[ing] to use all prudent and necessary care for vehicular travel under the circumstances." (Doc. No. 29 at 6.) In the

alternative, the Red Cross asserts that they should be granted leave to amend their Third-Party Complaint.  (Doc. No. 29-1 at 8.)

Applying the same standard for negligence set forth above, the Court finds that the Red Cross has failed to plausibly allege Sebastian Buitrago-Quijano acted negligently.  To survive a motion to dismiss, there must be "more than sheer possibility that defendant acted unlawfully." *Iqbal*, 556 U.S. at 678 (2009).  According to the Crash Report, the front of the Granston Vehicle collided with the Buitrago-Quijano Vehicle.  (Doc. No. 16-2 at 22.).  Sebastian Buitrago-Quijano did not strike any other vehicles after being struck.  And the Crash Report further notes that the Buitrago-Quijano Vehicle had "no contributing [driver] action" and no citations were issued. (Doc. No. 16-2 at 6.)  In addition, there are no specific facts alleged in the Third-Party Complaint that show Sebastian Buitrago-Quijano breached a duty owed to decedent or Red Cross or that otherwise "allow[ ] the court to draw [a] reasonable inference that defendant is [in any way] liable" for decedent's injuries.  *Iqbal*, 556 U.S. at 678 (2009).  (Doc. No. 16-2 at 6.)  The allegations against Sebastian Buitrago-Quijano are conclusory in nature only.  As such, the Court will dismiss the Third-Party Complaint against him.

## V.    CONCLUSION

For the reasons set forth above, both Third-Party Defendants Sa Win and Sebastian Buitrago-Quijano's motions to dismiss are granted.  The Court will grant leave to amend. [3]  An appropriate order follows.

---

[3] To the extent that the Red Cross believes that it can plausibly state a negligence claim against either Sa Win or Sebastian Buitrago-Quijano, it may file an Amended Third-Party Complaint by June 1, 2026. *See Heckman v. Samsung Electronics America, Inc.,* No. 24cv6835, 2026 WL 309484 at *5 (E.D. Pa. Feb. 5, 2026) (Fed. R. Civ. P. 15(a) provides that "leave [to amend] shall be freely given when justice so requires.").  A court should grant leave to amend unless there is one or more of: "undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." *Id.* (citing *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017)).  Although, given the Crash Report, the Court questions whether the Red Cross

will be able to amend, the Court will provide the Red Cross an opportunity to cure the deficiencies
identified in this Memorandum.